**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

UNITED STATES OF AMERICA

v.                                                    Case No. 2:18-cr-215-TPB-NPM

TRAVIS RYAN BOHNERT,

    Defendant.
_____/

**ORDER DENYING "DEFENDANT'S**
**MOTION FOR COMPASSIONATE RELEASE"**

        This matter is before the Court on Defendant Travis Ryan Bohnert's "Motion

for Compassionate Release," filed *pro se* on February 10, 2021. (Doc. 43). On

February 12, 2021, the Court directed the United States to respond to the motion.

(Doc. 44). On February 19, 2021, the Government filed its response. (Doc. 45; 48).

On March 8, 2021, Defendant filed a reply.[1] (Doc. 49). After reviewing the motion,

response, case file, and the record, the Court finds as follows:

        Defendant pleaded guilty to manufacturing counterfeit Federal Reserve notes

in violation of 18 U.S.C. § 471 and Possession of Counterfeit Federal Reserve notes

in violation of 18 U.S.C. § 472. (Doc. 27). On July 29, 2019, the Court sentenced

Defendant to 34 months imprisonment. (Docs. 39; 41). Defendant is currently

incarcerated at FCI Butner Medium II in Butner, North Carolina, and he is

projected to be released on or about September 6, 2021.

        In his motion, Defendant requests that the Court modify or reduce his

_____

[1] Although Defendant did not seek leave to file a reply, the Court will consider his reply
when ruling on the pending motion.

sentence to release him from federal prison due to his medical condition, the spread of COVID-19 among incarcerated persons, and the Bureau of Prison's inadequate response to the COVID-19 pandemic.  Specifically, Defendant claims that he has medical conditions – including hepatitis C/B, asthma, and obesity – that make him more susceptible to COVID-19 reinfection and/or complications.[2]  Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009).  To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief.  Initially, the Court finds that Defendant has failed to exhaust his administrative remedies.  On January 21, 2021, the Warden denied Defendant's request for compassionate release.  Although Defendant

---

[2] The Court notes that Defendant previously contracted COVID-19 and recovered.  His medical records do not show that he experienced severe illness and indicate that his symptoms have resolved as of January 15, 2021.  (Doc. 48).

was invited to appeal the decision through the administrative remedy process, he failed to do so.  Only a denial at the level of BOP's director or general counsel constitutes a "final administrative decision" that may not be further appealed.  28 C.F.R. § 571.63(b).  Absent a final administrative decision, Defendant has failed to exhaust his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).

Even if he had exhausted his administrative remedies, the Court would still deny relief.  The Court finds that Defendant has not demonstrated extraordinary and compelling reasons warranting a modification of his sentence based on his medical conditions.[3]  Defendant is a 34-year old offender and claims that his medical conditions – including hepatitis C/B, asthma, and obesity – make him particularly vulnerable to COVID-19.  However, Defendant has provided no documentation to establish that he suffers from these conditions.[4]  Furthermore, Defendant has not alleged or shown that he has a terminal illness or that any of his alleged medical conditions constitute a serious physical or medical condition that substantially diminishes his ability to provide self-care within the correctional

---

[3] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

[4] The Court notes that the Government has provided a copy of Defendant's medical records, which have been placed under seal.  (Doc. 48).  These records show that Defendant's chronic viral hepatitis C has resolved as of September 26, 2019, and there is no indication of asthma or obesity.  The documents do show that Defendant currently has chronic viral hepatitis B and unspecific cirrhosis of the liver.

facility and from which he is not expected to recover.  "General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13." *See United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

Finally, even if Defendant could establish an extraordinary or compelling reason for compassionate release, the applicable Section 3553(a) factors weigh strongly against granting compassionate release in this case.  Considering the § 3553 factors, including Defendant's substantial criminal history and characteristics, the Court finds that release would not be appropriate here.  Consequently, Defendant's "Motion for Compassionate Release" is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Fort Myers, Florida, this 12th day of March, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**